United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL THOMAS,<br><br>          Plaintiff,<br><br>   v.<br><br>SAN FRANCISCO HOUSING AUTHORITY, et al.,<br><br>          Defendants. | Case No. 16-cv-03819-EDL<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 1 |

On July 7, 2016, pro se Plaintiff Carol Thomas filed a complaint and sought leave to proceed in forma pauperis ("IFP"). On July 13, 2016, this Court granted Plaintiff's IFP request and indicated that it would separately determine compliance with 28 U.S.C. § 1915(e)(2), which requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." On July 14, 2016, Plaintiff declined magistrate judge jurisdiction. This Court therefore issues the following Report and Recommendation to dismiss the complaint sua sponte with leave to amend, and hereby reassigns the matter to a district court judge.

For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Dismissal on these grounds is often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id., 490 U.S. at 324, 109 S. Ct. at 1831. Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d

1132, 1135-37 (9th Cir. 1987).

Plaintiff's complaint against the San Francisco Housing Authority and Amanda Vernon mentions "disparate treatment based on race discrimination" but does not allege Plaintiff's race or provide any factual basis for a claim of racial discrimination. Plaintiff also mentions retaliation based on a prior housing complaint, and alleges some actions taken against her including failing to correct an amount of money owed and refusing to pay for damage to her carpet, but the nexus between these actions and any earlier housing complaint is entirely unclear. The Complaint contains no allegations as to the individual defendant and it is unclear why this individual is a proper defendant. The Complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Accordingly, the Court recommends that the case be dismissed. As Plaintiff is proceeding pro se, the Court recommends giving her an opportunity to amend his complaint.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling (415) 782-8982 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, Plaintiffs may speak with an attorney who may be able to provide basic legal help, but not legal representation. The Court also urges Plaintiffs to obtain a copy of the Pro Se Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA.

**IT IS SO ORDERED.**

Dated: July 19, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge