IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO HOUSING AUTHORITY, et al.,<br><br>　　　　Defendants.　　　　　　　　／ | No. 3:16-cv-03819-CRB<br><br>**ORDER DISMISSING WITH LEAVE TO AMEND** |

In her First Amended Complaint ("FAC"), Plaintiff Carol Thomas, appearing pro se, seeks $400,000 in damages from the San Francisco Housing Authority ("SFHA") and an individual defendant (collectively "Defendants") for alleged racial discrimination and retaliation. FAC (dkt. 14) at 2, 6. This Court dismisses the FAC sua sponte with leave to amend.

**I.　PROCEDURAL BACKGROUND**

On July 13, 2016, Magistrate Judge Laporte granted Plaintiff's request to proceed in forma pauperis ("IFP"). Order Regarding Appl. to Proceed IFP (dkt. 6); see also Appl. to Proceed IFP (dkt. 3). After Plaintiff declined magistrate jurisdiction, see Declination (dkt. 7), on July 19, 2016, Magistrate Judge Laporte recommended dismissal of the Complaint, Compl. (dkt. 1), with leave to amend and directed that the case be reassigned to a district

court judge. Report and Recommendation (dkt. 8) at 1 ("R&R"); see Order Reassigning Case (dkt. 9). The case was reassigned to this Court.

Magistrate Judge Laporte recommended that the case be dismissed because the Complaint failed to state Plaintiff's own race or otherwise "provide any factual basis" for the discrimination claim. See R&R at 2; Compl. Further, Magistrate Judge Laporte held that the Complaint failed to establish a nexus between a prior housing-discrimination allegation and the actions taken against Plaintiff germane to the current case, and that it failed to provide the required "short and plain statement of the claim showing that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)). This Court adopted Magistrate Judge Laporte's recommendation and gave Plaintiff leave to amend. Order Adopting R&R (dkt. 12).

On August 26, 2016, Plaintiff filed the FAC.

## II. LEGAL STANDARD

A complaint filed by any person proceeding, or seeking to proceed, IFP under 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000).

To state a claim, a complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556. Dismissal is also appropriate when the complaint "lack[s] . . . a cognizable legal theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although it need not contain "detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quotations omitted in original) (citations omitted). The complaint must "contain sufficient factual matter, accepted as true,

1  to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678
2  (2009) (quoting Twombly, 550 U.S. at 570). It must include "factual content that allows the
3  court to draw the reasonable inference that the defendant is liable for the misconduct
4  alleged." Id. (citing Twombly, 550 U.S. at 556).

The district court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. See, e.g., ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005) (citation omitted). However, pro se litigants are "not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000) (citation omitted).

## III.  DISCUSSION

This Court is now obligated to conduct a mandatory sua sponte review of the FAC pursuant to 28 U.S.C. § 1915(a). Although the FAC expanded upon the Complaint with some factual background and addressed the issue of jurisdiction, it is still legally insufficient under Rule 8(a).

### A.  The Facts

The FAC does not provide the requisite facts necessary for this Court to reasonably infer that Defendants are liable under either claim. Besides stating Plaintiff's and the individual defendant's races, FAC at 2, the FAC does not adequately address the deficiencies that Magistrate Judge Laporte identified in the Complaint. See R&R at 2. While Plaintiff recounts being denied a transfer from a studio to a one-bedroom unit within the SFHA-operated building and filing an administrative complaint, FAC at 3–4, she does not explain how this prior allegation motivated the retaliation at the heart of the FAC.[1] Rather, Plaintiff concludes that "[h]er request was denied because the manager gives preference to the Asian tenants." Id. Further, the identity of the individual defendant is altogether unclear: while the Complaint refers to Amanda "Vernon," Compl. at 1, the FAC references Amanda "LNU." FAC at 2. In any event, the only allegation against the individual defendant is conclusory

---

[1] Indeed, it is also unclear if the FAC seeks relief for the apartment-transfer discrimination claim administratively dismissed on September 17, 2014, FAC at 3–4, or whether said claim merely serves as background for the more recent set of allegations.

3

1  rather than factual, and therefore it is legally insufficient.  Plaintiff simply states that the
2  defendant, an Asian herself, manifests racial animus by treating Asian tenants more favorably
3  than others.  See id. at 2–4.  But even then it is unclear if the individual defendant, described
4  as the "Property Manager the for [sic] Ping Yuen property," id. at 2, was the individual who
5  denied Plaintiff's apartment transfer request, id. at 3–4, failed to "correct[] the amount of
6  money on [Plaintiff's] rental statement" around the time of said apartment-transfer denial, id.
7  at 4, or refused to pay for "damage caused to [Plaintiff's] carpet during the most recent
8  annual inspection of [Plaintiff's] unit."  Id. at 5.

### B.     The Claims

In addition, the FAC does not identify the legal basis for either claim, thereby making it impossible to ascertain whether the allegations rise above speculation.  Instead, the FAC generally states the areas of law that could yield potential liability and leaves it to the Court and Defendants to sort out the legal claims actually advanced.[2]

While the FAC identifies Title VIII of the Civil Rights Act of 1968 or the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–19, as the legal basis for the racial discrimination claim, FAC at 2, it does not provide the elements of such a claim or allege any facts in support of any of the elements.

The FHA prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), and allows plaintiffs to establish such a claim based on either disparate treatment or disparate impact.  See Gamble v. City of Escondido, 104 F.3d 300, 304–05 (9th Cir. 1997) (citations omitted) (stating that, since courts analyze FHA discrimination claims like employment discrimination under Title VII of the Civil Rights Act of 1964, plaintiffs can argue FHA discrimination as disparate treatment or disparate impact).  Here, Plaintiff alleges disparate treatment, FAC at 4, but provides no details beyond conclusory allegations to raise her right to relief beyond a speculative level.  See id. at 2–4.

---

[2] Nor does the FAC identify which claims are brought against which Defendants.

4

Moreover, Plaintiff asserts "[d]isparate treatment based on race and disability discrimination." FAC at 4. But the FAC includes no allegations relating to Plaintiff's disability status, and so it cannot plausibly support a claim of discrimination or retaliation on such basis.

The retaliation claim suffers from similar deficiencies as the discrimination claim: though the FAC points to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d–d-7, as the legal basis for the retaliation claim, FAC at 4, it does not discuss the legally necessary elements or how the facts support them.

## IV. CONCLUSION

Accordingly, the Court DISMISSES this action under 28 U.S.C. § 1915(a). Plaintiff has thirty (30) days to file an amended complaint, which should conform to Rule 8 and address the deficiencies identified in this Order. Failure to timely amend could result in the dismissal of Plaintiff's case with prejudice.

The Court reiterates Magistrate Judge Laporte's suggestion, see R&R at 2, that Plaintiff seek free assistance with the Legal Help Center, located in the United States Courthouse in San Francisco on 450 Golden Gate Avenue, 15th Floor, Room 2796 (Plaintiff may make an appointment in person or by calling 415-782-8982), and obtain a free copy of the Pro Se Handbook online at www.cand.uscourts.gov or in the Office of the Clerk of Court, located in the United States Courthouse in San Francisco on 450 Golden Gate Avenue, 16th Floor.

**IT IS SO ORDERED.**

Dated: September 15, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

5